O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUILLERMO GARCIA, | ) | NO. CV 21-1911-CAS(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| JAMES S. HILL ("Warden"), | ) | |
| Respondent. | ) | |

On February 25, 2021, Petitioner filed a purported "Second Amended Petition for Writ of Habeas Corpus by a Person in State Custody" ("the Petition"). The Petition challenges Petitioner's 2004 Los Angeles Superior Court conviction and sentence (Petition at 2). Petitioner previously challenged the same conviction and sentence in a habeas petition filed in this Court in 2005. See Garcia v. Yates, No. CV 05-7439-JHN(OP) ("the prior habeas petition"). By Judgment entered May 13, 2010, this Court denied and dismissed the prior habeas petition with prejudice. By Order entered July 2, 2010, this Court denied Petitioner's belated attempt to add additional claims to the prior habeas petition. On January 20, 2012, the United States Court

of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability in Case No. CV 05-7439-JHN(OP).

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[1] Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Calif., 471

---

[1] The docket for the United States Court of Appeals for the Ninth Circuit, available on the Pacer database on www.pacer.gov, does not reflect that anyone named Guillermo Garcia has received authorization to file a second or successive petition. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

2

1  Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain
2  authorization from the Court of Appeals to file a second or successive
3  petition, "the district court lacks jurisdiction to consider the
4  petition and should dismiss it.") (citation omitted).

6      For all of the foregoing reasons, the Petition is denied and
7  dismissed without prejudice.

9      LET JUDGMENT BE ENTERED ACCORDINGLY.

11      DATED: March 3, 2021.

         _____
               CHRISTINA A. SNYDER
            UNITED STATES DISTRICT JUDGE

PRESENTED this 2nd day
of March, 2021, by:

         _____/S/_____
            CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE